UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| HARRY O. CLEMONS | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:01-cv-496 |
| | ) | (3:97-cr-16) |
| | ) | *Jordan* |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Harry O. Clemons ("Clemons"). For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

I.  Standard of Review

This court must vacate and set aside Clemons' conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, Clemons "must show a 'fundamental defect which inherently results in a complete

miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the RULES GOVERNING SECTION 2255 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that Clemons is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.     Factual Background

Clemons was convicted by a jury of possession with intent to distribute cocaine base (two counts), in violation of 21 U.S.C. § 841(a)(1), and using or carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c). He was sentenced to concurrent terms of imprisonment of 168 months each on the drug charges and a consecutive term of 60 months on the firearm charge, for a total effective sentence of 228 months. The sentence was based upon a two-level enhancement for perjury; the court also reduced Clemons' criminal history category and gave him a two-level downward departure in the guideline sentence range, based upon a finding that his prior juvenile record overrepresented his criminal history. The convictions were affirmed on direct appeal.

*United States v. Clemons*, 9 Fed.Appx. 286 (6th Cir. March 14, 2001). In support of his § 2255 motion, Clemons alleges ineffective assistance of counsel and a related claim that the indictment was defective.

III.   Discussion

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), Clemons must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged

action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Clemons first claims that his attorney should have moved for acquittal at the close of the government's case with respect to the firearm charge. According to Clemons, the government failed to prove "active employment" of the firearm on his part. The allegation that the government failed to prove the elements of the firearm conviction was raised and rejected on direct appeal. "In sum, the evidence at trial was sufficient to support a jury finding that the Government satisfied both requirements under § 924(c)(1)." *Clemons*, 9 Fed.Appx. at 290. Clemons cannot use a § 2255 proceeding, in the guise of ineffective assistance of counsel, to relitigate issues decided adversely to him on direct appeal. *See, e.g., DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996).

Clemons next alleges his attorney should have moved to dismiss the indictment, on the ground that it was defective; he raises the related claim that his conviction should be set aside because the indictment was defective. According to Clemons, the indictment failed to state the amount of drugs; he relies on the U.S. Supreme Court decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to support his claim. Clemons also claims that the jury failed to make a specific finding that the cocaine was cocaine base.

The indictment did, in fact, refer to the substance Clemons possessed as "cocaine base, also known as 'crack.'" [Criminal Action No. 3:97-cr-16, Court File No. 1, Indictment, p. 1, Counts 1-2]. The jury was specifically instructed that, to find Clemons guilty of counts one and two, the government was required to prove beyond a reasonable doubt that Clemons

4

Case 3:01-cv-00496   Document 8   Filed 09/30/05   Page 4 of 6   PageID #: 4

possessed cocaine base with intent to distribute and that the jury was to determine whether the substance possessed was cocaine base. [*Id.*, Court File No. 91, Transcript of Proceedings, pp. 154-55]. Having found Clemons guilty of the charges, the jury obviously found the cocaine was cocaine base.

With respect to the *Apprendi* claim, Clemons is likewise not entitled to relief. In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the U.S. Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." *Id.* at 490. In federal prosecutions, such facts must also be charged in the indictment. *Id.* at 476.

The statutory maximum sentence for possession with intent to distribute any amount of cocaine base is 20 years. 21 U.S.C. § 841(b)(1)(C). Clemons was sentenced to concurrent terms of imprisonment of 168 months on the drug convictions, his sentence did not exceed the statutory maximum penalty, and therefore *Apprendi* was not implicated in his sentencing. *See, e.g., United States v. Stafford*, 258 F.3d 465, 478 (6th Cir. 2001). Clemons is not entitled to relief on his claims that the indictment was defective or that his attorney should have moved to dismiss the indictment.

Finally, Clemons alleges his attorney should have moved for a downward departure based upon his criminal history category. According to Clemons, his juvenile convictions were used to enhance his sentence to a career offender. Contrary to his claim, Clemons was not sentenced as a career offender. In addition, as noted earlier, the court in fact gave

5

Clemons a two-level downward departure in his criminal history. Accordingly, this allegation of ineffective assistance lacks merit.

IV. <u>Conclusion</u>

Clemons is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Leon Jordan  
United States District Judge